

```
 1 │ TARA K. McGRATH
   │ United States Attorney
 2 │ ANDREW R. HADEN
   │ Assistant United States Attorney
 3 │ California Bar No. 258436
   │ Federal Office Building
 4 │ 880 Front Street, Room 6293
   │ San Diego, California 92101-8893
 5 │
   │ Attorneys for United States of America
 6 │
 7 │              UNITED STATES DISTRICT COURT
 8 │             SOUTHERN DISTRICT OF CALIFORNIA
 9 │ UNITED STATES OF AMERICA,        Case No.  24cr1252-AGS
10 │            Plaintiff,
   │      v.                          PLEA AGREEMENT
11 │
12 │ JACOB LAWRENCE GALL-CARRIZOSA,
13 │            Defendant.
14 │     IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF
15 │ AMERICA, through its counsel, Tara K. McGrath, United States Attorney,
16 │ and Andrew R. Haden, Assistant United States Attorney, and Defendant
17 │ JACOB LAWRENCE GALL-CARRIZOSA, with the advice and consent of Marc S.
18 │ Kohnen, counsel for Defendant, as follows:
19 │                                  I
20 │                              THE PLEA
21 │     Defendant agrees to plead guilty to Count One of the Information
22 │ charging Defendant with:
23 │         Beginning no later than September 9, 2021, and
   │     continuing until at least December 24, 2022, within the
24 │     Southern District of California, Jacob GALL-CARRIZOSA, a
   │     person not having a valid Federal Firearm License, did
25 │     knowingly purchase in the State of Arizona and then
   │     intentionally transport into the State of California,
26 │     firearms; in violation of 18, United States Code, Section 922
   │     (a)(3).
27 │
28 │
```

Def. Initials  JG
**CR****-INI

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. The Defendant was not licensed as a firearms dealer; and

2. The Defendant willfully transported into the state in which the Defendant resided, a firearm, that the Defendant purchased or otherwise obtained outside the state.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. The defendant has never possessed a Federal Firearms License ("FFL"), or been a licensed firearms dealer, in any way.

2. On or about September 9, 2021, the defendant began travelling from his state of residence, California, to Arizona, for the purpose of purchasing or acquiring firearms at Sprague's Sports, in Yuma, Arizona. The table below lists eleven (11) firearms that the defendant purchased:

//

//

//

//

//

2

Def. Initials 
**CR*\*-***

| Purchase Date | Store | Firearm Make/Model | Serial # |
|---|---|---|---|
| 9/9/2021 | Sprague's Sports, Yuma, AZ | .22 Caliber Keltec Pistol | MGJ58 |
| 9/9/2021 | Sprague's Sports, Yuma, AZ | 9mm Glock Pistol | AFXP131 |
| 3/26/2022 | Sprague's Sports, Yuma, AZ | 9mm Keltec Pistol | 00742 |
| 3/26/2022 | Sprague's Sports, Yuma, AZ | 9mm SCCY Pistol | C314386 |
| 4/1/2022 | Sprague's Sports, Yuma, AZ | 9mm Taurus Pistol | ACK424009 |
| 4/1/2022 | Sprague's Sports, Yuma, AZ | 9mm Ruger Pistol | 461-30862 |
| 4/1/2022 | Sprague's Sports, Yuma, AZ *recovered in Mexico 12/8/22 | 9mm Talon Pistol | 04679 |
| 4/20/2022 | Sprague's Sports, Yuma, AZ | .22 Cal Phoenix Arms Pistol | 4597115 |
| 4/20/2022 | Sprague's Sports, Yuma, AZ | 9mm Ruger Pistol | 383-10164 |
| 12/24/2022 | Sprague's Sports, Yuma, AZ | 9mm Canik Pistol | 22CM45471 |
| 12/24/2022 | Sprague's Sports, Yuma, AZ | 9mm CZ Pistol | G307288 |

Def. Initials
**CR*/*-***

3. During each purchase, GALL-CARRIZOSA presented an Arizona State Identification Card and claimed that his current residence and address was 620 Lake Havasu Avenue S., Lake Havasu City, Arizona. The property at 620 Lake Havasu Avenue is a Wyndham resort property. In truth, during each of the firearm purchases, GALL-CARRIZOSA had a current California Driver's license and lived in Chula Vista, California.

4. The defendant also used his Arizona Identification Card to make private-party purchases of other firearms in Arizona.

5. After purchasing the firearms, GALL-CARRIZOSA would willfully transport the firearms from Arizona back to California. Once in California, GALL-CARRIZOSA sold all of the firearms he purchased at Sprague's to other individuals. When selling his firearms, GALL-CARRIZOSA did not complete the transactions at an FFL, nor did he require background or criminal history checks before transferring the firearms.

6. The defendant agrees, that the United States can prove, that one of the firearms originally purchased by GALL-CARRIZOSA was recovered by law enforcement in Tijuana, Mexico.

## III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 10 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count; and

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

//
//

4

Def. Initials
**CR**

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

Def. Initials [signature]
**CR*/*-***

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//
//
//

Def. Initials

**CR***-***

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of

the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

### A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---:|
| 1. | Base Offense Level [§2K2.1(a)(7)] | 12 |
| 2. | 8-24 Firearms [§2K2.1(b)(1)(B)] | +4 |
| 3. | Purchasing Firearm For Prohibited Person [§2K2.1(b)(5)(B)] | +2 |
| 4. | Acceptance of Responsibility [§ 3E1.1] | −3 |
| | | 15 |

### B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing.

G. SPECIAL ASSESSMENT/FINE/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//
//

Def. Initials
**CR**-***

2.  <u>Fine</u>

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.  SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

# XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If

Def. Initials
**CR**

Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

Def. Initials
**CR**_***

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of

Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//

Def. Initials
**CR**/-***

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

TARA K. McGRATH
United States Attorney

7/8/24
DATED

ANDREW R. HADEN
Assistant U.S. Attorney

07-05-2024
DATED

MARC S. KOHNEN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

07-05-2024
DATED

JACOB LAWRENCE GALL-CARRIZOSA
Defendant

14

Def. Initials
**CR*****